UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EDWARD WOLVIN,**

        **Plaintiff,**

        v.                                       **Case No. 21-CV-1328**

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social Security Administration,**

        **Defendant.**

---

### DECISION AND ORDER

---

**1. Introduction**

Edward Wolvin is again back before this court seeking disability insurance benefits and supplemental security income. *See Wolvin v. Astrue*, No. 08-CV-476, 2009 U.S. Dist. LEXIS 36771 (E.D. Wis. Apr. 28, 2009); *Wolvin v. Berryhill*, 16-cv-1228-LA (E.D. Wis.); *Wolvin v. Saul*, No. 18-CV-1285, 2019 U.S. Dist. LEXIS 171953 (E.D. Wis. Oct. 3, 2019); *Wolvin v. Kijakazi*, No. 21-CV-1328, 2023 U.S. Dist. LEXIS 11592 (E.D. Wis. Jan. 24, 2023). Most recently the court affirmed the final decision of the Commissioner. *See Wolvin*, 2023 U.S. Dist. LEXIS 11592. Wolvin asks the court to reconsider its decision under Fed. R. Civ. P. 59(e). (ECF No. 40.)

## 2. Applicable Law

"A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

"[I]t is well-settled that a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment ….'" *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

## 3. Analysis

### 3.1. "Not Entirely Consistent"

Wolvin opens by renewing his argument that the ALJ erred when he referred to Wolvin's symptoms as being "not entirely consistent" with the evidence. (ECF No. 40 at 2.) The court squarely rejected the argument that the ALJ's use of the "meaningless boilerplate" of "not entirely consistent" was, by itself, error. *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *5. Wolvin merely points to another district court decision which found that "not entirely consistent" "is more rigorous" than the standard set forth in the controlling

regulation. *See Farley v. Berryhill*, 314 F. Supp. 3d 941, 946 (N.D. Ill. 2018). As the court noted in its decision, district courts disagree as to the significance of an ALJ's use of the "not entirely consistent" boilerplate. *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *5 (citing cases). That the court took one side of this split over the other is not manifest error. Wolvin has failed to point to any controlling authority demonstrating that this court erred in its conclusion. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent.").

**3.2. ALJ's Discussion of Variability of Pain**

Wolvin argues that the ALJ erred because he never considered how Wolvin's pain varied and in turn how that variability of his pain would affect his ability to work. (ECF No. 40 at 2.) Wolvin likewise argues that the court never discussed the variability of his pain vis-à-vis his residual functional capacity (RFC). The Commissioner responds that the ALJ adequately considered the variability of Wolvin's pain. (ECF No. 47 at 3-4.)

The adequacy of the ALJ's decision is largely beside the point at this stage. An argument that the ALJ erred does not merit relief under Rule 59(e) because that is an argument that could have, and there for must have, been made initially. Rather, Wolvin must demonstrate that *the court* erred.

The court acknowledged that Wolvin's pain varied, *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *7, *11, but he is correct that the court never explicitly discussed how this

variability may impact his RFC. But that was because Wolvin never raised an argument regarding the variability of his pain in relationship to his RFC. (*See* ECF No. 24.) Rather, as regards pain, Wolvin argued only that the evidence supported his subjective complaints and, therefore, under SSR 16-3p the ALJ should have accepted Wolvin's self-reported limitations. (ECF No. 24 at 8-19.) The court discussed this issue at length, *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *4-*11, and concluded:

> It is commonly true, especially in cases like Wolvin's, where symptoms are expected to vary day-to-day, for evidence to point both ways. Sorting through those conflicts is the job of the ALJ. Wolvin naturally emphasizes the favorable facts to argue that the ALJ erred; the ALJ naturally emphasized other facts to support his conclusion. Wolvin has demonstrated, at best, that the ALJ could have concluded that his subjective symptoms were supported by the record. But he has not demonstrated that the ALJ was required to so find, or that the ALJ erred in reaching the opposite conclusion. Accordingly, the court must reject Wolvin's argument that the ALJ erred in assessing his symptoms.

*Id.* at *11.

Wolvin has failed to demonstrate that the court manifestly erred in its analysis of the ALJ's assessment of Wolvin's pain. His new and renewed arguments do not support relief under Rule 59(e).

### 3.3. The Medical Expert

The ALJ called a medical expert to testify at the hearing but then largely discounted the expert's opinions. One reason the ALJ gave for discounting the medical expert was because the expert did not have sufficient time to review the record. Wolvin contends that the medical expert's lack of preparation was of the Administration's own

4
Case 2:21-cv-01328-WED   Filed 04/26/23   Page 4 of 8   Document 51

making because it failed to give him time to prepare. (ECF No. 40 at 4-6.) Additionally, Wolvin argues that the ALJ inappropriately barred the medical expert from asking questions of Wolvin (ECF No. 40 at 5) and failed to comply with the Hearings, Appeals, and Litigation Law Manual (HALLEX) procedures because he failed to give Wolvin adequate notice of the expert's testimony, to inform Wolvin of the reason for the medical expert's presence, to explain the procedures, to verify that the medical expert had reviewed all the records, and to ask Wolvin if he had any objection to the medical expert's testimony.

Wolvin forfeited his opportunity to raise any argument regarding the ALJ's alleged failure to comply with the HALLEX procedures because he did not present these arguments in his initial brief. Wolvin first referred to the HALLEX procedures only in reply, and only then with three passing citations, one of which was contained within a larger quotation. (ECF No. 37 at 2, 4, 14.) Never did he develop the argument that he presents now. Again, a motion under Rule 59(e) is not a do-over. If the argument could have been presented initially but was not, it is not a basis for relief under Rule 59(e).

Additionally, as Wolvin acknowledges, the Court of Appeals for the Seventh Circuit has never held that the HALLEX is entitled to the force of law or that a failure to follow the HALLEX procedures amounts to reversable error. (ECF No. 40 at 4.) Consequently, Wolvin cannot show that this court manifestly erred.

The court discussed at length the ALJ's assessment of the medical expert. *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *15-*19. The court explained that the ALJ was not required to accept the medical expert's opinion. While there are instances where an ALJ must call upon the expertise of a medical expert—such as when interpreting medical evidence—an ALJ is not required to accept a medical expert's opinion on issues such as the claimant's RFC, which is to be determined by the ALJ. Wolvin has failed to show that the ALJ was required to accept any portion of the medical expert's opinions or testimony.

Wolvin's arguments regarding the ALJ's assessment of the medical expert's opinions amount largely to the reiteration and perhaps elaboration of the arguments the court has already considered and rejected. As such, they are not appropriately before the court on a motion under Rule 59(e).

Wolvin has not shown that the ALJ was required to call a medical expert. The fact that the ALJ called a medical expert and then discounted that opinion because he found the expert unprepared is little different from the ALJ never calling a medical expert at all. Only if the ALJ was required to call a medical expert in the first place could this decision amount to an error. The fact that the ALJ called a medical expert does not, by itself, establish the need for a medical expert. An ALJ may prudently have a medical expert on hand in complex cases (or cases like Wolvin's that have been subject to extensive litigation) just in case a question requiring medical expertise should arise. But on issues such as the claimant's RFC, the opinion of a medical expert called by the ALJ is ultimately

just another opinion that the ALJ must weigh in accordance with the applicable law. *Wolvin*, 2023 U.S. Dist. LEXIS 11592, *18.

Wolvin also challenges the reasons the ALJ gave for discounting the medical expert's opinions. He disputes that the medical expert was unprepared (ECF No. 40 at 7-8) and notes that the medical expert found the abnormal imaging to be more persuasive than evidence of other normal objective findings (ECF No. 40 at 8).

Again, these new and renewed arguments are not appropriate bases for relief under Rule 59(e). But even on their merits they do not support relief. The medical expert himself acknowledged that his review was "not up to [his] usual standard." *Wolvin*, 2023 U.S. Dist. LEXIS 11592, at *17. And the expert's lack of familiarity with the record was demonstrated in the ALJ's questioning. *See id.* at *17-18. The fact that the medical expert found imaging more persuasive than other evidence did not mean that the ALJ was required to reach the same conclusion. *Id.* at *18-19. The ALJ weighed the evidence and reached a conclusion that was both consistent with the law and supported by substantial evidence. *Id*. That the ALJ could have reached a different conclusion is not a basis for remand.

**4. Conclusion**

The court has not identified any aspect of Wolvin's motion that is within the proper scope of a motion under Rule 59(e), much less that entitles him to relief. A motion under Rule 59(e) must identify an error by the court; Wolvin focuses instead on the ALJ's

7
Case 2:21-cv-01328-WED   Filed 04/26/23   Page 7 of 8   Document 51

alleged errors. The new arguments he presents are not properly before the court. Wolvin forfeited them by not presenting them in his initial brief in support of his complaint. (ECF No. 24.) Similarly, Rule 59(e) is not the appropriate means for renewing or elaborating on arguments that the court has already considered and rejected. Because Wolvin has not pointed to any newly discovered evidence or manifest error by this court, the court must deny his motion.

**IT IS THEREFORE ORDERED** that Wolvin's motion to alter or amend judgment pursuant to Rule 59(e) (ECF No. 40) is **denied**.

Dated at Milwaukee, Wisconsin this 26th day of April, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge